suit, and the court erred in sustaining the demurrer to them.

The judgment in this case will be reversed and the cause remanded with directions to the court below to overrule the demurrers to the special pleas.

*Reversed and remanded with directions.*

### Michael Schroeder, Appellee, v. East St. Louis and Suburban Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

### Statement of the Case.

Action by Michael Schroeder against East St. Louis and Suburban Railway Company to recover damages for personal injuries sustained by plaintiff through the alleged negligence of defendant in operating one of its cars while plaintiff was riding as a passenger thereon.

The declaration alleged that plaintiff rang the bell as a signal for the car to stop at a station where he desired to alight and walked out on the rear platform and stood there waiting for the car to stop, and instead of stopping the car, the employes in charge thereof suddenly started the car at a greater speed, thereby causing the car to make a sudden start or lunge and causing plaintiff to unavoidably lose his balance and fall off. The general issue was filed and the trial resulted in a verdict and judgment in favor of plaintiff for four hundred dollars. To reverse the judgment, defendant appeals,

WILLIAMSON, BURROUGHS & RYDER, for appellant.

J. V. E. MARSH, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*when recovery for injury to passenger by falling off car not sustained by the evidence.* In an action against a suburban railway company for personal injuries alleged to have resulted from the negligence of the defendant in suddenly starting its car so as to cause plaintiff to fall off after he had given a signal for the car to stop at a station and while he was standing on the rear platform waiting for the car to stop, *held* that a verdict for plaintiff was not sustained by the evidence, the preponderance of the evidence not showing that there was any sudden starting of the car as alleged.

2. CARRIERS, § 491*—*when refusal of requested instruction improper.* A requested instruction telling the jury "that, although you may believe from the evidence that the defendant did not stop its car for plaintiff to alight, yet that fact does not justify the plaintiff in going upon the platform and so near to the step as to be in a dangerous position while the car was running at a high rate of speed, and if you believe, from the evidence, that before the defendant's car began to slacken its speed the plaintiff went upon said platform and near to the steps of said car while it was running at a high rate of speed, and that his action in so doing was negligent, and a lack of due care for his own safety, and that such action on his part helped to bring about the injury, then you should find the defendant not guilty," *held* improperly refused.

---

### Taekley Baziules, Administratrix, Appellee, v. O'Gara Coal Company, Appellant.

1. MINES AND MINERALS, § 109*—*when statute requires trip of cars to carry lights.* Under section 15, div. "A," of the Miner's Act (R. S. 1911, J. & A. ¶ 7489), a trip of cars is required to carry

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.